IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICKTOR BERISHAJ | § | |
|     REG. NO. 19561-068 | § | |
| V. | § | C.A. NO. C-05-438 |
| | § | |
| FEDERAL BUREAU OF PRISONS | § | |

## OPINION AND ORDER OF DISMISSAL

For the reasons set forth herein, this action is dismissed for want of prosecution.  Fed. R. Civ.

P. 41(b).

## I.  JURISDICTION

The Court has federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff consented to

the jurisdiction of a magistrate judge, (D.E. 7), and on October 7, 2005, this action was re-assigned

by Order of Re-Assignment.  (D.E. 11).  The action has not been served upon the defendants.

## II.  BACKGROUND

Plaintiff was formerly incarcerated at the Federal Correctional Institution ("FCI") in Three

Rivers, Texas.  On August 26, 2005, he filed on a preprinted § 2241 habeas corpus form a complaint

alleging that certain Bureau of Prison ("BOP") officials at FCI-Three Rivers and in the Dallas

Regional Office were deliberately indifferent to his serious medical needs because they failed to

provide recommended treatment for his neck or to schedule him to see a spine specialist.  (D.E. 1).

Plaintiff also claimed that the BOP had denied him medical care in retaliation for his filing

grievances about his medical situation.  Id.  By opinion and order entered September 15, 2005, his case was redesignated  as a Bivens[1] complaint.  (D.E. 5).

On November 16, 2005, a Spears[2] hearing was held to provide plaintiff an opportunity to better explain his claims.  At the hearing, plaintiff related that he was in immigration custody awaiting deportation.  Plaintiff testified that he had filed grievances complaining about his medical care; however, in response to his BP-10 grievance, the BOP had requested additional time to respond.  Plaintiff testified further that he did not want to bring an action against the United States pursuant to the Federal Tort Claims Act, but instead, wanted to pursue only his claims of deliberate indifference against individual BOP employees.  Plaintiff stated that he knew the names  of the individuals he desired to name as defendants, and that he needed one (1) week to amend his complaint.  Plaintiff was provided two (2) weeks from the date of the hearing, that is until November 30, 2005, to file his amended complaint.  Plaintiff was advised that, due to his impending deportation, it was his responsibility to inform the Clerk of the Court of any change of address.

By letter dated November 28, 2005, plaintiff reported that he had still not received a response to his BP-10 grievance. (D.E. 16).

By letter dated December 8, 2005, plaintiff advised the Court that he was being deported to Yugoslavia.  Plaintiff acknowledged that he needed to pay the filing fee and explained that he might need extra time.  (D.E. 17)

By letter dated December 15, 2005, plaintiff advised the Clerk of the Court of his new address in Podgorica, Montenegro.  (D.E. 18).

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Spears v. McCotter, 766 F.2d 179 (5thCir. 1985).

Plaintiff failed to file his amended complaint or in any other manner communicate the names of the individual BOP defendants.  By Order to Show Cause entered February 8, 2006, plaintiff was instructed to show cause why his case should not be dismissed for failure to prosecute.  (D.E. 19). The Show Cause Order was sent to plaintiff at his last known address; however, it was returned on February 17, 2006, as "Undeliverable."  (D.E. 20).   In the show cause order, plaintiff was afforded thirty (30) days to file a response, that is, by March 10, 2005.  The deadline has run and plaintiff has failed to respond to the show cause order.

## III.  DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court.  FED. R. CIV. P. 41(b).   Here, the importance of naming individual defendants was explained to plaintiff at the Spears hearing, plaintiff stated that he understood the Court's instructions, and indicated that he could provide the names within one week's time.  He was afforded two weeks time to file his amended complaint, but failed to do so.

In addition, plaintiff was advised that it was his responsibility to keep the Clerk informed in writing of his current address, especially in this case where he knew he was going to be deported. And see L.R. 83.4.   The show cause order was returned undeliverable.  Plaintiff also promised in a December 19, 2005, letter to the court that he would pay the balance of the filing fee.  To date he has failed to do so.

To date, plaintiff's failure to  (1)  file an amended complaint, (2) keep the Clerk apprised of his current address, (3) show cause why this case should not be dismissed; and (4) pay the full filing fee, indicate that plaintiff has abandoned his claims.  Accordingly, plaintiff's claims are dismissed without prejudice for failure to prosecute.

ORDERED this 20th day of March 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE